NasK, J.
 

 This action was originally brought against lames Potter, and, upon his death, during Its pendency, 'the
 
 scire facias
 
 issued
 
 within
 
 the time prescribed by the act oí J 799, Rev. 'Siat.eh. 2,
 
 secs.'7,8,9. Seine of the
 
 heirs Were of age, others were infants. At the return term of the
 
 scL fa.
 
 the heirs alt appeared, the infants by their guardians, we presume, and entered into the common rule 'and pleaded not guilty. After the suit had been pending for several terms, a motion was made by the defendants, that “the Court should make an order, that the suit had a‘bated, because ieo declaration had been served upon them.” This motion was refused by the Court. By the act of $799, it is directed, "that after the death of a defendant, the action of ejectment may be revived, by
 
 serving <m
 
 the heirs at law, within two terms after his decease, a
 
 Copy of the
 
 declaration, together with a notice to the heirs to appear and defend the suit, and, after such service, the suit shall stand revived?’ To complete the service in such a ease, there is no doubt a copy of the declaration must accompany the notice. This was not done, and there was no obligation upon the heirs to appear.— But they did appear and made themselves parties defendant, by entering into the common rule. It they had declined to appear, the Court, upon the fact being brought to their notice, would have made an order, that a copy of the declaration should be served upon them, or have dismissed the
 
 sci. fa.
 
 and abated the suit; or if the cause had been proceeded in, without their appearance, and judgment entered against them, it would have been erroneous, not-affecting their rights.
 
 Love
 
 v.
 
 Scott,
 
 4th Ired. 79. The defendants came too late ; the time was passed for them
 
 to
 
 make their
 
 motion
 
 , their appearance cured the defect complained of. There is a proper time
 
 *123
 
 and mod©-for taking advantages of e«;©rsia proceedings-If
 
 there
 
 has been
 
 no
 
 process, or if it be defective-in point of form, oj? in its direction, service
 
 os
 
 nature, the deiemd--ant may move t© set aside- the- proceedings for irregularity- Rut, he cannot, after he has appeared, take advantage of any such error- His application must be anade-as early as possible, ©sr, as it is commanly said,
 
 in tits first-
 
 instance- He cannot, when, he has overlooked It, ©r taken subsequent steps in the cause, turn back and object toil. 1st East- 7.7 ^ 3rd Term R. 7;. SstTidd’s Pra. 161,162. — r For the reasons assigned, we are-of ©pinion* that no,error was committed. The case ©f Scott only-proves, that, in an ejectment, when the defendant dies, a
 
 sd. fa.
 
 and a copy ©f the declaration must be-served on the heirs, within two terms after the death ©f the defendant, o» the suit will stand dismissed. It is not sufficient to apply for the-process within two. terms. If the proceeding attempted in this case could succeed, it would be in. the power of an heir to come into Court, cause himself to. fee made de», lendant without any process, against him, enter into the common rule and lie by until after two. terms have passed, and then throw the case out of Court, for the want of-a declaration being served as the act directs. This would, be a surprise upon the plaintiff and depriving him of a privilege secured to him by the law — that of reviving his suit against the heirs within two terms.
 

 Pee Curiam.. Judgment below affirmed.